IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01589-MSK

SAMUEL J. MARTINEZ, also known as
SAMUEL JULIUS MARTINEZ,

    Applicant,

v.

MICHAEL ARELLANO, Fort Lyon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

    Applicant, Samuel J. Martinez, also known as Samuel Julius Martinez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. He initiated this action *pro se* by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his sentence entered in Pueblo County, Colorado, district court case number 04CR729. On August 28, 2008, he filed an amended habeas corpus application.

    In an order filed on September 11, 2008, the Court directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. §2244(d) and exhaustion of state court remedies under § 2254(b)(1)(A). On September 30, 2008, Respondents filed their pre-answer response. On October 20, 2008, Mr. Martinez filed a reply to the pre-answer response. In an order filed on November 13, 2008, the Court dismissed

part of the application and assigned the remainder for determination on the merits.[1] Mr. Martinez objected to the dismissal of the claim. His objection will be treated as a motion to reconsider, and is addressed below.

On December 24, 2008, the government filed an answer to the amended application. On January 26, 2010, the Court entered orders for the state court record and for Mr. Martinez to file a reply to the answer by February 25, 2010, if he so desired. On February 11, 2010, three docketing events occurred: (1) the Court vacated the reference to Magistrate Judge Michael E. Hegarty; (2) Mr. Martinez informed the Court he wanted to proceed with this action and requested the appointment of counsel to represent him; and (3) the state court record was filed with the Court.

I. Factual and Procedural Background

Following a three-day, jury trial, Mr. Martinez was convicted in Pueblo County District Court Case No. 04CR72 on one count of theft of $500 or more but less than $15,000, a class-four felony in violation of Colo. Rev. Stat. § 18-4-401(1), (2)(c) (2006). The jury verdict itemized four separate incidents of theft of merchandise taken in March and April 2004 from a Circuit City Store. The accumulated value of all items taken was found to be $929.95.

Mr. Martinez was sentenced to an aggravated-range sentence of ten years of imprisonment in the DOC, plus three years of mandatory parole. He appealed directly from the judgment of conviction to the Colorado Court of Appeals, asserting an equal protection violation in applying the accumulative provision of the Colorado theft statute, Colo. Rev. Stat. § 18-4-

---

[1] Specifically, the Court dismissed claim three, and determined that Mr. Martinez had exhausted state remedies as to claims one and two.

401(4) (2006), which allowed the prosecution to aggregate the value of property stolen in multiple thefts within a six-month period, as well as an abuse of discretion in imposing an unsupported, extraordinarily long prison sentence of ten years in the DOC, to be served consecutively to his six-year prison sentence for vehicular eluding in Case No. 04CR719. The Colorado Court of Appeals affirmed Mr. Martinez's judgment of conviction and sentence, but declined to address the equal protection argument because it was raised for the first time on appeal. *See People v. Martinez*, No. 05CA0905 (Colo. Ct. App. Apr. 12, 2007) (not published) (answer, ex. C). Mr. Martinez sought certiorari review, asserting only his sentencing claim; certiorari review was denied.

While his petition for certiorari review was pending, Mr. Martinez also filed a Colo. R. Crim. P. 35(c) postconviction motion, in which he claimed state law entitled him to benefit from the Colorado General Assembly's 2007 reclassification of the theft of less than $1,000 from a class-four felony to a misdemeanor. The trial court summarily this motion. Mr. Martinez appealed, and the Colorado Court of Appeals affirmed the denial of the Colo. R. Crim P. 35(c) motion, holding that Mr. Martinez was "not entitled to any ameliorative benefit from the amendment [to the theft statute] because he committed this offense in 2004 and the legislation, is, by its own terms, not retroactive." *See People v. Martinez*, No. 07CA1525, slip op. at 2 (Colo. Ct. App. June 12, 2008) (not published) (answer, ex. H at 2). He did not seek certiorari review.

Mr. Martinez also filed a motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, requesting a reduction of his sentence. Following a hearing, the trial court reduced Mr. Martinez's sentence by two years.

In his amended application in this matter, Mr. Martinez asserted three claims: (1) that his right to equal protection right was violated when he was sentenced to a ten-year prison term under the accumulative provision of Colo. Rev. Stat. § 18-4-401(4); (2) that the trial court's abused its discretion by ordering his sentence for theft to be served consecutively to his prison sentence in another case, thus sentencing him to consecutive sentences that resulted in an extraordinarily long prison term; and (3) that he was denied due process by the refusal of the state courts to apply a beneficial change in the law before his conviction became final, namely, the reclassification of theft under $1,000 as a misdemeanor rather than a felony.

The Court must construe liberally Mr. Martinez's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application.

## II. Reconsideration of Claim Three

As previously stated, on November 13, 2008, the Court denied the amended application in part by dismissing as meritless claim three, i.e., the failure by the state courts to apply a beneficial change in the law before Mr. Martinez's conviction became final, namely, the reclassification of theft under $1,000 as a misdemeanor rather than a felony. On November 24, 2008, Mr. Martinez objected to dismissal of the third claim. As previously stated, the objection will be treated as a motion to reconsider.

In the dismissal order, the Court addressed Mr. Martinez's third claim, in pertinent part, as follows:

> Mr. Martinez's change in the law claim raises only issues of state law, which are not cognizable in a federal habeas petition. *See King v. Champion*, 55 F.3d 522, 527 (10th Cir. 1995). Furthermore, under *United States v. Haines,* 855 F.2d 199, 200 (5th Cir. 1988), "there is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed."
>
> . . . .
>
> Therefore, the Court finds that Mr. Martinez's . . . change of law claim lacks merit and will be dismissed.

November 13, 2008, Order to Draw in Part and to Dismiss in Part at 6-7.[2]

Mr. Martinez contends his third claim "may be considered as [an] attack or challenge of Due Process of Law, which is a Constitutional Claim which argues whether the Law has a retroactive application or retroactive effect." November 24, 2008, objection at 1. However, Mr. Martinez does not allege that he presented his third claim as a due process claim in state court, and it is clear from the opening brief on his appeal from the denial of his Colo. R. Crim. P. 35(c) motion that he did not advance this theory before the trial court or Colorado Court of Appeals. *See* answer, ex. G (appellant's opening brief).

A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Therefore, Mr. Martinez failed to exhaust his due process claim. Although he failed to exhaust state court remedies for his due process claim, the Court may not dismiss this claim for failure to exhaust state remedies if Mr. Martinez no longer has an adequate and effective state remedy available to him. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). No further state court remedy exists because any future claims would be denied as successive under Colo. R. Crim. P.

---

[2]Although the undersigned respectfully disagrees with this reasoning, the dismissal was nevertheless appropriate on other grounds more fully explained herein.

35(c) because the due process claim could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. Rev. Stat. § 35(c)(3)(VII). Therefore, the due process claim that Mr. Martinez failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Martinez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Martinez must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Martinez first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."

*Id*. Mr. Martinez then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Martinez fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, the Court finds that the due process claim that Mr. Martinez failed to exhaust is procedurally barred. The motion to reconsider dismissal of this claim is denied.

II. Claims

A. Law of the Case Doctrine

Prior to assignment of this matter to the undersigned, this Court determined that Mr. Martinez properly exhausted his claims with regard to equal protection and abuse of discretion claims. This was based, in part, upon the Respondents' confession of such fact in their Answer. However, the Respondents did not agree that Mr. Martinez had exhausted his remedies if the abuse of discretion claim were construed to be a constitutional proportionality claim because they contend he never asserted such a claim in the state courts.

Respondents now argue that Mr. Martinez should be procedurally defaulted on his equal protection claim one by raising it for the first time on appeal to the Colorado Court of Appeals. *See* No. 05CA0905, slip op, at 1 (answer, ex. C at 1). Respondents did not assert this defense upon the Court's invitation in the pre-answer proceedings. There they argued that Mr. Martinez procedurally defaulted his first claim in state court for a different reason - that because Mr. Martinez failed to reassert his equal protection claim in the Colorado Supreme Court on direct appeal, he would be procedurally barred pursuant to Colo. R. Crim. P. 35(c)(3)(VI) - (VII) from raising the argument in a postconviction proceeding because he could have presented the claim in his prior appeal. *See* September 30, 2008, Pre-Answer Response at 6-7.

The time for Respondents to raise this most recent procedural default argument, i.e., that Mr. Martinez procedurally defaulted claim one by raising it for the first time on appeal, was in their pre-answer response, submitted in response to the Court's directive for Respondents to address the affirmative defense of exhaustion of state court remedies. *See* September 11, 2008, Order to File Pre-Answer Response at 1. Respondents failed to do so, *see* Pre-Answer Response, instead raising the argument for the first time in their answer. *See* December 24, 2008, Answer to Application for Writ of Habeas Corpus at 10-12.

After considering the arguments Respondents raised in the pre-answer response, this Court determined that Mr. Martinez had exhausted his first claim. In absence of a motion to reconsider, the exhaustion issue has been resolved and the Court's prior determination acts as law of this case.[3] The Court declines to depart from its prior determination with regard to exhaustion, and proceeds with the remaining claims.

### B. Claim One

---

[3]"The law of the case" doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The United States Court of Appeals for the Tenth Circuit has recognized that the law of the case doctrine "applies to all issues that were previously decided, whether explicitly or by implication." *Sparks v. Rittenhouse*, 314 Fed. Appx. 104, 108 (10th Cir. Sept. 16, 2008) (unpublished) (citing *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir.1995)). The courts are authorized to depart from the law of the case doctrine only "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009) (internal quotation marks omitted). Respondents do not demonstrate any of the three grounds that would authorize the Court to depart from the law of the case doctrine. *See id.* Since the Court, following pre-answer proceedings, determined that both claims one and two are exhausted, that decision will continue to govern the same issues in the answer proceedings in the same case.

Mr. Martinez alleges that his equal protection rights were violated by imposition of a ten-year prison term under the accumulative provision of Colo. Rev. Stat. § 18-4-401(4). The version of the statute in effect at the time Mr. Martinez committed his offense in 2004 read in pertinent part:

> (4) When a person commits the theft twice or more within a period of six months without having been placed in jeopardy for the prior offense or offenses, and the aggregate value of the things involved is five hundred dollars or more but less than fifteen thousand dollars, it is a class 4 felony. . . .

Colo. Rev. Stat. § 18-4-401(4).

Mr. Martinez fails to explain how application of the accumulative provisions in § 18-4-401(4) violates his equal protection rights, making his argument conclusory. However, consistent with his *pro se* status, the Court looks to the argument he articulated in the state courts. There, Mr. Martinez contended that under this statute, similarly situated persons could be either convicted of separate misdemeanor theft offenses or a single felony. *See* answer, ex. B (opening brief of defendant-appellant) at 4-6. In particular, he contends that a person who is convicted of a single misdemeanor theft of between $500 and $1500 would be sentenced based upon the misdemeanor conviction, but if the person was convicted of several thefts over a 6 month period and the aggregate value of the items stolen fell within the same range, this statute would punish as if there were a felony conviction.

Ordinarily, an equal protection challenge turns upon the treatment of similarly situated persons. The problem is that the two types of persons identified by Mr. Martinez are not similarly situated in all material respects. One has committed a single theft; the other has committed more than one theft within a six-month period. To be similarly situated in all

9

material respects, both persons would either be convicted of a single theft or be convicted of more than one theft in a six-month period.

Because equal protection requires that similarly situated persons be treated similarly, application of Colo. Rev. Stat. § 18-4-401(4) did not violate Mr. Martinez's rights. It applies the same criminal sanction to persons who committed the same criminal conduct as did Mr. Martinez. [4] *See, e.g.*, *City of Cleburne V. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (a person's right to equal protection is violated when the government or its officials treat him or her differently than others who are similarly situated); *see also Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (same). Even if the Court were to treat persons committing a single misdemeanor theft and persons committing more than one misdemeanor theft during a six-month period as similarly situated, Mr. Martinez does not contend that the distinction in punishment does not comport with the Colorado General Assembly's legitimate interest in providing a higher penalty for an act it believes to be of greater consequence to society. *See, e.g.*, *Campbell v. People*, 73 P.3d 11, 12-13 (Colo. 2003); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("successful equal protection claims brought by a 'class of one'" contained a showing that "there is no rational basis for the difference in treatment") (citations omitted).

---

[4] Mr. Martinez was convicted of taking four separate things of value on different days in March and April 2004, with the aggregate value of the stolen items being $500 or more, but less than $15,000. A similarly situated person would not be one who had committed either a single class-two or -three misdemeanor theft, as Mr. Martinez contends. *See* answer, ex. B (opening brief of defendant-appellant) at 4. A similarly situated person would be one who was convicted of more than one theft within in a six month period where the value of the stolen items is between $500 and $15,000. According to the Colorado General Assembly's theft classifications, such a person would have been subject to the same presumptive class four felony criminal sanction of two to six years' imprisonment, not the presumptive maximum six- to twelve-month term for class-three and -two misdemeanors respectively. *See* Colo. Rev. Stat. §§ 18-1.3-401(1)(a)(V)(A) (2005), 18-1.3-501(1) (2005); *see also* Colo. Rev. Stat. § 18-4-401(4).

Indeed, it is well within the province of the Colorado General Assembly to regard repetitive criminal behavior to be more culpable and deserving of greater punishment than a single instance. Thus, the Court finds this claim to be without merit.

### C. Claim Two

Mr. Martinez alleges the Pueblo District Court's order that he serve his ten-year sentence for theft consecutively to his six-year prison sentence for vehicular eluding in another case was an abuse of discretion, because it resulted in "an extraordinarily long prison term" and was not "supported by evidence in the record." Amended application at 6. In their answer, Respondents raise the same argument presented in their pre-answer response, i.e., that the second claim is not a federal constitutional claim cognizable in a habeas corpus proceedings but rather arises solely under Colorado statutory law entitling a convicted person to the right to appellate review of the propriety of the sentence.

In its dismissal order, this Court rejected Respondents' argument, and found as follows:

> As for Mr. Martinez's claim that the [trial c]ourt abused it's [sic] discretion in sentencing him to ten years on the theft charges, a state sentence raises federal constitutional concerns when it is grossly disproportionate to the crime committed. *See **Lockyer v. Andrade***, 538 U.S. [ ] 63 (2003); ***Hawkins v. Hargett***, 200 F.3d 1279 (10th Cir. 1999). The claim appears to raise federal constitutional concerns.
>
> Therefore, the Court finds that Mr. Martinez's claim of abuse of discretion [ ] has been raised as a federal claim . . . .

November 13, 2008, Order to Draw in Part and to Dismiss in Part at 7.

In the absence of a motion to reconsider this issue, the Court addresses the identified constitutional concern. Giving liberal interpretation to Mr. Martinez' pleadings, the Court

11

understands him to assert an Eighth Amendment challenge - that the consecutive sentences for theft and vehicular eluding result in cruel and unusual punishment.

On this theory, Mr. Martinez' claim fails. The Court appreciates that Mr. Martinez disagrees with the aggravated-range sentence of ten years of imprisonment and acknowledges that the consecutive nature of the sentences makes the total time he will spend in prison very long. But "[t]he Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes." *Hawkins*, 200 F.3d at 1285 n.5 (citing *O'Neil v. Vermont*, 144 U.S. 323, 331 (1892) ("If [the defendant] has subjected himself to a severe penalty, it is simply because he committed a great many such offenses."); *United States v. Schell*, 692 F.2d 672, 675 (10th Cir. 1982) (twenty year sentence consecutive to ninety-five year sentence is not violation of the Eighth Amendment). Moreover, "[i]t is clear that the decision to run the sentences concurrently or consecutively is a matter within the trial court's discretion."). *Hawkins*, 200 F.3d at 1285 n.5 (internal quotation marks and citation omitted). There is nothing in this record or in the briefing that implicates the proportionality of the sentences imposed relative the crimes Mr. Martinez committed. Therefore this challenge is without merit.

### III. Conclusion

Based on the foregoing facts and law, it is

ORDERED that the objection to the dismissal of claim three, which the Court has treated as a motion to reconsider, is **DENIED**. It is

FURTHER ORDERED that the amended habeas corpus application pursuant to 28 U.S.C. § 2254 is **DENIED**. It is

FURTHER ORDERED that Mr. Martinez's request in the February 11, 2010, letter for the appointment of counsel to represent him is **DENIED**, as moot. It is

FURTHER ORDERED that a certificate of appealibility is DENIED, no constitutional infringement having been shown. The Clerk shall close this case.

Dated this 7th day of July, 2010

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge