IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01589-MSK

SAMUEL J. MARTINEZ, also known as
SAMUEL JULIUS MARTINEZ,

      Applicant,

v.

MICHAEL ARELLANO, Fort Lyon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

## OPINION AND ORDER DENYING MOTION TO REOPEN

**THIS MATTER** comes before the Court on Petitioner Samuel J. Martinez's Motion to Reopen and Revisit his *Habeas Corpus* action **(#31)**,[1] to which no response has been filed. Mr. Martinez's motion is captioned a "Motion to Reopen" but because he essentially seeks reconsideration of his *habeas* claims in light of newly acquired evidence, the Court liberally

---

[1] In construing Mr. Martinez's pleadings, the Court is mindful that he is proceeding pro se and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a pro se litigant's legal advocate, and a pro se plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, pro se status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a pro se party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

construes Mr. Martinez's motion as a motion for reconsideration. Having considered the same, the Court **FINDS** and **CONCLUDES** as follows.

## I. Jurisdiction

This Court exercise subject matter jurisdiction pursuant to 28 U.S.C. § 2254.

## II. Standard of Review

The Federal Rules of Civil Procedure provide two options to a litigant subject to an adverse judgment: file a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or file a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59(e) governs when the motion for reconsideration is filed within 28 days of the judgment while Rule 60(b) governs all other motions. *See* Fed.R.Civ.P. 59(e). Mr. Martinez's Motion to Reopen was filed less than 28 days after the judgment entered and, therefore, is governed by the Rule 59(e) standard.

A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances—where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Accordingly, the grounds warranting a motion to reconsider include (I) an intervening change in the controlling law; (ii) new evidence previously unavailable; and (iii) the need to correct clear error or prevent manifest injustice. *Id.* A Rule 59(e) motion is not appropriate, however, to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.*

## III. Issue Presented

The issue presented is whether Mr. Martinez has demonstrated grounds for

reconsideration of his *habeas* claims.

## IV.  Background

In 2004, Mr. Martinez was tried in a three day jury trial for four separate incidents of theft of merchandise from a Circuit City store in March and April 2004. The accumulated value of all items taken was $929.95.[2] The jury convicted Mr. Martinez of theft of more than $500 but less than $15,000, a class-four felony under Colo. Rev. Stat. § 18-4-401(1), (2)(c).[3] The state court sentenced him to ten years imprisonment, followed by three years of mandatory parole. Mr. Martinez appealed his conviction and sentence disputing the aggregation of the value of the stolen property and arguing that it was an abuse of discretion to impose a ten year sentence. The Colorado Court of Appeals declined to address the equal protection argument as it had not been raised with the district court, but affirmed in all other respects. The Colorado Supreme Court denied certiorari.

Mr. Martinez sought postconviction relief pursuant to Colo. R. Crim. P. 35(c), arguing that he should be given the benefit of the 2007 amendment to the theft statute that reclassified theft of less than $1000 as a misdemeanor rather than a class-four felony. The trial court summarily denied relief and the Court of Appeals affirmed, holding that because the amendment was not retroactive, Mr. Martinez was not entitled to any benefit from the amendment. Mr. Martinez did not seek certiorari review. Mr. Martinez did, however, file a second postconviction motion pursuant to Colo. R. Crim. P. 35(b), seeking a reconsideration of his sentence. The trial

---

[2] Pursuant to Colo. Rev. Stat. § 18-4-401(4), the total value of the property stolen in a six-month period is aggregated to determine the amount used in calculating the specific offense.

[3] The statute has since been amended such that the class-four felony is for theft of more than $1000, but less than $20,000.

court reduced his sentence by two years.

In July 2008, Mr. Martinez initiated this *hapeas corpus* action, seeking relief from his state court conviction and sentence.  He asserted three claims for relief: (1) his equal protection rights were violated when the value of the stolen property was aggregated over a six-month period resulting in his placement in the class-four felony category; (2) the trial court abused its discretion by ordering his sentence for theft to be served consecutively to sentence in another case because it resulted in an extraordinarily long prison term; and (3) he was denied due process by the refusal of the state courts to apply a beneficial change in the law, namely, the reclassification of theft aggregating to less than $1,000 as a misdemeanor rather than a class-four felony.

This Court made an initial determination as to timeliness and exhaustion of state court remedies and dismissed the third claim, finding no constitutional right to have the amended statute applied retroactively to Mr. Martinez's sentence.  Mr. Martinez sought reconsideration of dismissal.  The motion for reconsideration and the other two claims were addressed by this Court in its July 7, 2010 Order **(#28)**.  The Order reconsidered its dismissal of the third claim under Mr. Martinez's argument that he was asserting a due process claim.  It determined, however, that such a claim had not been presented to the state court as a due process claim and, therefore, was unexhausted and procedurally defaulted.   The Order also determined that neither Mr. Martinez's first nor second claims warranted *habeas* relief as neither claim demonstrated that Mr. Martinez was in custody in violation of the constitution or federal law.  Accordingly, it denied Mr. Martinez's Application in whole and the case was closed.

### V.   Analysis

Mr. Martinez moves to reopen his *habeas* action for reconsideration of the same three claims based on new evidence. He asserts that he has recently acquired "video survalance [sic] in regards to this case." This comports with Rule 59(e) in that it asserts the existence of newly acquired evidence, not previously available. However, although a Rule 59(e) motion may be premised on newly discovered evidence, it is axiomatic that such evidence be germane to the issues previously determined by the Court.

Here, Mr. Martinez does not elaborate on the nature of the videotape, the contents thereof, or the impact it would have on his case. For this reason alone, the motion could be denied.

However, if the video is from the Circuit City store from which he was convicted of stealing, it would not bear on any of the claims he raised in his *habeas* application. Instead, it might pertain to whether Mr. Martinez' committed the crime of which he was convicted in state court. The proper procedure to address such an issue would be through a postconviction motion filed in accordance with state law.[4] *See* Colo. R. Crim. P. 35(c)(2)(V) (permitting postconviction review, regardless of a prior appeal, for claims alleging that there exists evidence of material facts not previously presented or available and that require vacation of the conviction or sentence); Colo. R. Civ. P. 35(c)(3)(VII) (permitting successive postconviction motions when the claim is based on evidence that could not have been discovered previously through the exercise of due diligence).

---

[4] The Court makes no finding as to the propriety of this remedy, including whether such a postconviction motion would be barred as successive or the ultimate resolution of such claim.

There being no apparent connection between the newly discovered videotape and the issues raised in the *habeas* petition,

**IT IS ORDERED** that Petitioner Samuel J. Martinez's Motion to Reopen, Revisit **(#31)** is **DENIED**.

Dated this 3rd day of February, 2011

                                            **BY THE COURT:**

                                            *[signature: Marcia S. Krieger]*

                                            Marcia S. Krieger
                                            United States District Judge